IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JULIA E. SOUTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:14-cv-00057 |
| | ) | |
| v. | ) | |
| | ) | By: Hon. Michael F. Urbanski |
| COUNTY OF WARREN, et al., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Julia E. Souter filed the instant complaint against Warren County and its Zoning Administrator, John Kulnis, seeking leave to proceed in forma pauperis. For the reasons set forth below, Souter's application to proceed in forma pauperis will be **GRANTED** and her complaint **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.

This lawsuit arises out of a zoning dispute between Souter and Warren County. Souter has long resisted Warren County's efforts to enforce its zoning ordinance regarding the accumulation of refuse at her property. This is her fifth complaint filed in federal court related to this zoning dispute and/or the subject property.[1]

Because she appears to be indigent, the court will grant Souter's motion to proceed in forma pauperis. However, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis if the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing Souter's complaint, the court concludes that this action must be dismissed because it fails to state a claim on which relief may be granted.

---

[1] See Case No. 5:10cv122 (filed Nov. 16, 2010); No. 5:12cv121 (filed Nov. 9, 2012); No. 5:13cv61 (filed June 7, 2013); No. 5:14cv54 (filed Oct. 24, 2014).

1

## II.

Souter claims that in 2007, Kulnis, acting under color of state law and in violation of her civil rights,[2] violated a stay imposed pursuant to § 180-67(A) of the Warren County Zoning Code by trespassing on her property, removing certain personal property, failing to take an inventory of that property, and selling it at auction "for a pittance of [its] true value." Compl., Dkt. # 2, at ¶ 12A. Additionally, Souter claims that Kulnis failed to cooperate with Mr. Herbert B. Dunkle, III, in his efforts to bring her property in compliance with the zoning ordinance and that Kulnis deliberately delayed "so as to keep [her] in jail." Id. at ¶ 5.[3] As regards Warren County, she alleges it is not authorized under the Dillon Rule to act as an enforcement agent of the Apple Mountain Lake South Property Owners Association and, in doing so, violated her civil rights.[4] She also contends that the County's laws and ordinances are deficient in that they "do not spell out specific requirements in this case of proper proceedures [sic], authority etc.," id. at ¶ 16, and that the County never ordered Kulnis to perform a cleanup in this case and, thus, the cleanup was "illegal unauthorized activity." Id. at ¶ 21. She further alleges that the Warren County Circuit Court[5] "was either severely negligent in supervision of Mr. Kulnis and/or was recklessly indifferent as to what was going on," id. at ¶ 8A, and "refused to acknowledge that there was any violation even after it was noticed of the

---

[2] Even assuming Souter's complaint, construed liberally, states a § 1983 claim against Kulnis for violation of her property rights under the Fourteenth Amendment to the United States Constitution, her allegations, which date back to 2007, are likely barred by the statute of limitations. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001) (applying two year limitations period set forth in Virginia Code § 8.01-243(A) to all § 1983 actions arising in Virginia).

[3] This claim was previously raised by Souter in 5:10cv00122 and was dismissed by Judge Wilson pursuant to the Rooker-Feldman Doctrine.

[4] Souter fails to explain how the County allegedly violated her civil rights given her allegations that Kulnis violated a stay and illegally performed a cleanup of her property.

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

[5] The Warren County Circuit Court is not a named defendant to this action.

Violations." Id. at ¶ 10.  Finally, she claims Warren County illegally created and recorded a lien against her property and has received permission from the Warren County Circuit Court to sell her home.  Id. at ¶¶ 23-24.

Reading the complaint as a whole, it is clear that this is yet another chapter in Souter's ongoing campaign against Warren County arising out of the enforcement of its zoning ordinance as to the accumulation of refuse at her property.  See, e.g., Compl., Dkt. # 2, at ¶ 21 ("[T]he cleanup was illegal unauthorized activity by and under Color of Law.").  Souter couches her complaint in terms of an unconstitutional taking rather than directly attacking the rulings of the County and the Circuit Court as she has in previous complaints filed in this court.  This court has held numerous times, and holds here once again, that it does not have jurisdiction to entertain a complaint based upon injury caused by a state court judgment, by virtue of the Rooker-Feldman Doctrine.  "Section 1983 does not transform federal district courts into appellate courts capable of reviewing state court decisions, and therefore the court lacks subject matter jurisdiction to hear a complaint in which the plaintiff essentially challenges the validity of state court decisions."  Souter v. Cnty. of Warren, No. 5:10cv00122 (Mem. Op. issued Nov. 29, 2010) (Wilson, J.) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005) and Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)).  This is precisely what Souter attempts to do in the instant case.

To the extent she raises claims not barred by Rooker-Feldman, those allegations fail to state a valid claim for relief.  For example, this court has previously addressed, and dismissed, Souter's claim that the zoning ordinance provisions are unconstitutional.  See No. 5:13cv00061 (Mem. Op. issued Mar. 26, 2014).  It has also previously considered, and rejected, Souter's claim that she is entitled to court-appointed counsel in civil proceedings, see, e.g., No. 5:13cv00061 (Mem. Op. Mar. 26, 2014), and that the Commonwealth is required to provide recording devices in all courtrooms, see e.g., No. 5:14cv00054 (Mem. Op. Nov. 5, 2014).  The instant complaint simply fails to state any

3

set of facts upon which relief can be granted. Accordingly, her complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.

As previously noted, this is the fifth federal lawsuit filed by Souter arising out of this zoning dispute, and the fourth to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court has the power to "limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004); see also In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (stating that a court has the power to "issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated"). Accordingly, **PLAINTIFF IS HEREBY NOTIFIED THAT FURTHER FILING OF FRIVOLOUS LAWSUITS IN THIS COURT MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING ISSUANCE OF A PRE-FILING INJUNCTION.**

For the reasons stated herein, Souter's application to proceed in forma pauperis will be **GRANTED** and this action will be **DISMISSED** and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered.

Entered: December 23, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

4